IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SANDRA ROSALES, Individually and on
Behalf of All Others Similarly Situated
PLAINTIFF**

vs.                                                    Case No. _____

**SAFEPOINT INSURANCE COMPANY
and 88RR DEVELOPMENT, LLC
DEFENDANTS**

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL — COLLECTIVE ACTION

Plaintiff Sandra Rosales, individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action against Defendants Safepoint Insurance Company and 88RR Development, LLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.       PRELIMINARY STATEMENTS

1.       This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Florida Minimum Wage Act, Fla. Stat. Ann § 448.100 and Fla. Const. Art. X § 24 (collectively "FMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty per week.

## II.    JURISDICTION AND VENUE

3.     The United States District Court for the Middle District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges FMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's FMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Defendants conduct business within the State of Florida.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Florida has personal jurisdiction over Defendants, and Defendants therefore "reside" in Florida.

7.    The acts complained of herein were committed and had their principal effect against Plaintiff within this District.

8.    Defendants are headquarters within the Middle Division of the Tampa District of Arkansas.

9.    Venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

10.    Plaintiff is an individual and resident of Guadalupe County, Texas, although at the time the events which gave to this lawsuit occurred she resided in Pinellas County.

11.    Separate Defendant Safepoint Insurance Company ("Safepoint"), is a domestic, for-profit corporation.

12.    Safepoint's registered agent for service of process is Chief Financial Officer Steven Hoffman at 12640 Telecom Drive, Temple Terrace, Florida 33637.

13.    Safepoint, in the course of its business, maintains a website at https://safepointins.com/.

14.    Separate Defendant 88RR Development, LLC ("88RR"), is a domestic limited liability company.

15.    88RR's registered agent for service of process is 88RR Development, LLC, at 770 Pasadena Avenue South, Unit B, South Pasadena, Florida 33707.

## IV.   FACTUAL ALLEGATIONS

16.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.    88RR owns and operates a temporary placement company which places insurance adjusters with insurance agencies.

18.    Safepoint is an insurance company.

19.    88RR placed temporary employees with Safepoint within the three years preceding the filing of this lawsuit.

20.    Defendants are "employers" within the meanings set forth in the FLSA and were, at times relevant to the allegations in this Complaint, Plaintiff's employers, as well as the employers of the members of the collective.

21.    Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22.    Plaintiff regularly used instrumentalities of interstate commerce such as the telephone and the internet in her work, as well as to communicate with Defendant regarding her job duties and work schedule.

23.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be

transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers.

24.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

25.    From October of 2018 until April of 2019, Plaintiff was employed by 88RR and Safepoint as a Temporary Insurance Adjuster ("first tenure").

26.    From April of 2019 until September of 2019, Plaintiff was employed by Safepoint as an Insurance Adjuster ("second tenure"). She was employed directly by Safepoint during this period, and was not employed by 88RR.

27.    During Plaintiff's first tenure, she was hired by 88RR as a temporary employee and was placed with Safepoint as a Temporary Insurance Adjuster.

28.    Upon information and belief, 88RR determined Plaintiff's rate of pay, had the ability to hire and fire her, and kept track of at least some of Plaintiff's time worked.

29.    Upon information and belief, Safepoint determined Plaintiff's work schedule, duties, provided Plaintiff with a computer and phone system, and also had the ability to fire Plaintiff.

30.     Upon information and belief, both companies maintained records of Plaintiff's employment.

31.     As a Temporary Insurance Adjuster, Plaintiff was primarily responsible for assessing claims, working with adjusters and completing paperwork.

32.     Other Temporary Insurance Adjusters had the same or similar duties as Plaintiff.

**A.     First Tenure**

33.     During Plaintiff's first tenure, she was paid $500 per day.

34.     During the relevant time period, Defendants also employed other Insurance Adjusters, retained as temporary employees ("Temporary Insurance Adjusters"), who were paid on a per-day basis.

35.     At all relevant times herein, Defendants directly hired Plaintiff and other Temporary Insurance Adjusters to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

36.     Plaintiff regularly worked over forty hours per week.

37.     Upon information and belief, other Temporary Insurance Adjusters also regularly worked more than forty hours per week.

38.    Defendant did not have a timekeeping system by which Plaintiff and other Temporary Insurance Adjusters could keep track of their time.

39.    Most or all of the work Plaintiff and other Temporary Insurance Adjusters completed was timestamped within Defendant's system.

40.    When Plaintiff and other Temporary Insurance Adjusters performed work out of the office they were instructed to send the cases they had been working on to 88RR so that Defendants could view the time stamps on those cases.

41.    At all times material herein, Plaintiff and other Temporary Insurance Adjusters employees have been entitled to the rights, protections and benefits provided under the FLSA.

42.    Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

43.    Defendants also classified other Temporary Insurance Adjusters as independent contractors.

44.    Plaintiff's and other Temporary Insurance Adjusters' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

45.     Defendant, at all times relevant hereto, knew that Plaintiff and other Temporary Insurance Adjusters were acting as employees, rather than as independent contractors, and treated them as employees.

46.     Plaintiff and other Temporary Insurance Adjusters did not financially invest in Defendants' business.

47.     Plaintiffs and other Temporary Insurance Adjusters did not share in the profits or losses of the Defendants' business.

48.     Defendants, not Plaintiff or other Temporary Insurance Adjusters, set prices for services.

49.     Defendants determined Plaintiff's and other Temporary Insurance Adjusters' pay scale for services without input from or negotiation with Plaintiff and other Temporary Insurance Adjusters.

50.     Defendants, not Plaintiff or other Temporary Insurance Adjusters, decided whether and how many Insurance Adjusters to hire.

51.     Plaintiff and other Temporary Insurance Adjusters were hired to work for Defendants for a continuous and ongoing period of time.

52.     Plaintiff and other Temporary Insurance Adjusters were not allowed to be employed by anyone other than Defendants while working for Defendants, or risk discipline, up to and including termination.

53.     Plaintiff and other Temporary Insurance Adjusters did not select any employees for hire, nor did they have any ability to fire employees.

54.    Plaintiff and other Temporary Insurance Adjusters did not have any control over or authority over any employee's rate of pay or working hours.

55.    Defendants, not Plaintiff or other Temporary Insurance Adjusters, set business policies and rules and had complete control over the venue.

56.    Defendants required Plaintiff and other Temporary Insurance Adjusters to follow Defendants' business policies and rules.

57.    Defendants made decisions on advertising Defendant's business without Plaintiff's and other Temporary Insurance Adjusters' input.

58.    Defendant provided computers and phone systems for Plaintiff and other Temporary Insurance Adjusters to use in the course of their duties.

59.    Defendants did not pay Plaintiff and other Temporary Insurance Adjusters an hourly or salary rate.

60.    Defendants did not pay Plaintiff or other Temporary Insurance Adjuster employees an overtime premium for hours worked over forty per week.

61.    Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other Temporary Insurance Adjusters violated the FLSA.

**B.    Second Tenure**

62.     During Plaintiff's second tenure, when she was employed solely by Safepoint, she was classified as exempt from the overtime requirements of the FLSA and was paid a salary.

63.     At all relevant times herein, Safepoint directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

64.     Plaintiff's duties as a salaried Insurance Adjuster were substantially similar to her duties when she was a Temporary Insurance Adjuster.

65.     Plaintiff did not have the ability or the authority to hire or fire other employees.

66.     Plaintiff was not asked to provide input as to which employees should be hired or fired.

67.     Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

68.     In carrying out her duties, Plaintiff followed the processes put in place by Safepoint.

69.     The duties of Plaintiff were rote and routine, and she sought input from supervisors when her duties were not rote or routine.

70.     Plaintiff regularly worked over 40 hours per week during her second tenure.

71.     Safepoint did not have a timekeeping system whereby Plaintiff and could keep track of her time.

72.     Most or all of the work Plaintiff completed was timestamped.

73.     Safepoint did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

74.     At all relevant times herein, Safepoint has deprived Plaintiff of proper overtime compensation for all the hours worked over forty per week.

75.     Safepoint knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

76.     Plaintiff has complied with pre-suit notice (if applicable), and all other conditions precedent to this action have been performed or waived. *See* Plaintiff's Demand letter attached as Exhibit A.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

77.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked for Defendants in excess of forty hours in any week;

B.     Liquidated damages; and

C.     Attorneys' fees.

78.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

79.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

80.    Plaintiff proposes the following collective under the FLSA:

**All Insurance Adjusters who were classified as independent contractors by Safepoint and 88RR Development and who were paid on a day-rate basis in the past three years.**

81.    The proposed FLSA independent contractor collective members are similarly situated in that they share these traits:

A.     They were paid on a day-rate basis;

B.     They were not paid an overtime premium for all hours worked in excess of forty per week;

C.     They regularly worked more than forty hours per week;

D.     They had similar job duties and responsibilities;

E.     They were classified by Defendants as independent contractors; and

F.     They were subject to the other many policies and practices enumerated above.

82.    Plaintiff is unable to state the exact number of the independent contractor collective but believes that the collective exceeds five persons.

83.    Defendants can readily identify the members of the Section 16(b) collective.

84.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

85.    Plaintiff repeats and realleges paragraphs 1 through 84 of this Complaint as though fully incorporated in this section.

86.    Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

87.    At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

88.    At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

89.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

90.    Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA—first as an independent contractor and then as a salaried employee.

91.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

92.    Defendants knew or should have known that their actions violated the FLSA.

93.    Defendants' failure to pay Plaintiff all overtime wages was willful.

94.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs,

including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

95.    Plaintiff repeats and realleges paragraphs 1 through 94 of this Complaint as though fully incorporated in this section.

96.    Plaintiff, individually and on behalf of all other similarly situated Temporary Insurance Adjusters, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

97.    At all relevant times, Defendants have been an "employer" of Plaintiff and all similarly situated Temporary Insurance Adjusters within the meaning of the FLSA, 29 U.S.C. § 203.

98.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

99.    Defendants misclassified Plaintiff and other similarly situated Temporary Insurance Adjusters as exempt from the overtime provisions of the FLSA.

100. Despite the entitlement of Plaintiff and similarly situated Temporary Insurance Adjusters to overtime payments under the FLSA, Defendants failed to pay Plaintiff and similarly situated Temporary Insurance Adjusters an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

101. Defendants knew or should have known that their actions violated the FLSA.

102. Defendants willfully failed to pay overtime wages to Plaintiff and to other similarly situated Temporary Insurance Adjusters.

103. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated Temporary Insurance Adjusters for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the FMWA)

104. Plaintiff repeats and realleges paragraphs 1 through 103 of this Complaint as though fully incorporated in this section.

105. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Florida Minimum Wage Act and the Florida Constitution.

106.   At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMWA.

107.   Defendant failed to pay Plaintiff an overtime wage of 1.5x her regular hourly rate for all hours worked over 40 each week.

108.   Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

109.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the five years prior to the filing of this Complaint.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sandra Rosales, individually and on behalf all others similarly situated, respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the FMWA and their related regulations;

C.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.    Judgment   for   damages   for   all   unpaid   overtime   wage compensation   owed   under   the   FLSA,   the   FMWA   and   their   related regulations;

E.    Judgment   for   liquidated   damages   pursuant   to   the   FLSA,   the FMWA and their related regulations;

F.    An   order   directing   Defendants   to   pay   Plaintiff   and   all   others similarly   situated   prejudgment   interest,   a   reasonable   attorney's   fee   and   all costs connected with this action; and

G.    Such   other   and   further   relief   as   this   Court   may   deem   just   and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendant.

Respectfully submitted this ___21st___ day of April, 2022.

> **SANDRA ROSALES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**
>
> THE LEACH FIRM, PA
> Wells Fargo Building
> 631 South Orlando Avenue, Suite 300
> Winter Park, Florida 32789
> Telephone: (844) 722-7567
>
> */s/* Carlos Leach
> Carlos Leach – LEAD COUNSEL
> Fla. Bar No. 0540021
> cleach@theleachfirm.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com
PHV forthcoming

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
PHV forthcoming